IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES SAMUEL HARTZOL, III,

    Plaintiff,

v.

KAINE N STEWART, *et al.*,

    Defendants.

Case No. 25-cv-01371-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Charles Hartzol, an inmate of the Illinois Department of Corrections commenced this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Plaintiff alleges that on January 25, 2025, he was moved to North 2 Cell House into a cell that had a broken toilet and was infested with bugs. (Doc. 1, p. 6). Other areas of the cell house, including the showers and the medical exam area, were also unsanitary and dirty. Plaintiff claims that his cell did not have lights, and for periods of time, he was without hot water. Plaintiff also complains about a bodily search that was conducted on March 20, 2025. (*Id.*).

    Upon review of the Complaint, the Court found that it appeared that Plaintiff had failed to fully exhaust his administrative remedies prior to filing this lawsuit. (Doc. 8). According to the Complaint, Plaintiff appealed the grievance relevant to his allegations in this case to the Administrative Review Board (ARB) on May 22, 2025, and he indicated that he had not received a response from the ARB prior to filing his Complaint. Because the ARB has six months to review and issue a final decision on a grievance, the Court observed that although Plaintiff may have to wait until November or longer until a final determination is made on his appeal, he initiated this case on July 14, 2025. Plaintiff was directed to show cause why this case should not be dismissed

for failure to exhaust his administrative remedies. In his response to the Show Cause Order, Plaintiff argues that the administrative process was not available to him because he did not receive a response from the ARB "at any stage." (Doc. 11, p. 1).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Here, it is obvious from the Complaint that Plaintiff has failed to comply with the PLRA and fully exhaust his administrative remedies prior to filing this lawsuit. Once a grievance is appealed to the ARB, the ARB makes a report of its findings and recommendations to the director, and the director has six months "after receipt of the appealed grievance, when reasonably feasible under the circumstances," to make a final determination. *See* 20 ILL. ADMIN. CODE 504.850. Plaintiff's grievance was reviewed at the institutional level and appealed to the ARB on May 22, 2025 (Doc. 1, p. 10), and the Court received his Complaint on July 14, 2025. Plaintiff admits that at the time of filing he had not received a response from the ARB. (Doc. 11, p. 1). And while he

generally claims that there is corruption amongst prison staff and that legal mail is mishandled, he does not provide an explanation for why he filed the lawsuit months before the ARB's response time had expired. The Seventh Circuit takes a "strict compliance approach to exhaustion" and "as long as the administrative authority has the ability to take some action in response to the complaint," the inmate has not exhausted his administrative remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). Additionally, even if the ARB had taken longer than six months, "the grievance process does not become unavailable simply because a response is tardy." *Woods v. Forehand,* No. 13-cv-1130-NJR-DGW, 2015 WL 1188326, at *3 (S.D. Ill. March 12, 2015) (citations omitted). By filing his lawsuit prior to receiving a response from the ARB, Plaintiff has filed this case prematurely. *Griffin v. Auterson*, 547 F. App'x 785, 787 (7th Cir. 2013) (citing *Woodford v. Ngo*, 548 U.S. 81, 89-90 (2006)) ("Exhausting before suing allows the prison administrators a chance to remedy possible mistakes before court intervention and ensures that prisoners concentrate on the grievance process, not litigation."); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (even if prisoner eventually exhausts while suit is pending, court must dismiss his suit without prejudice).

Accordingly, this case is dismissed without prejudice for failure to exhaust his administrative remedies. Plaintiff may refile this lawsuit once he has fully exhausted.

### DISPOSITION

Plaintiff's Complaint (Doc. 1) and this entire care are **DISMISSED without prejudice** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment and to close this case.

**IT IS SO ORDERED.**

DATED:   August 26, 2025

                                                       s/Stephen P. McGlynn
                                                      **STEPHEN P. MCGLYNN**
                                                      **United States District Judge**